HARMON DOANE *v.* R. L. ADAMS & Co.—E. BLESSY, Intervenor.

Where parties purchase on joint account, and for speculation, a lot of goods, with the understanding that they shall share equally the profits and losses which may result from the sale thereof, the advances and expenses are to be first paid, before there can be any division of the profits. It partakes of the nature of a partnership.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.
*G. A. Breaux*, for plaintiff and appellant. *Hayes & Adams*, for defendants.

MERRICK, C. J. "The history of this controversy is as follows : "On the 18th of May, 1859, the intervenor, *E. Blessy*, and *J. W. Boyle*, purchased on joint account, and for speculation, 175 bales of India bagging, with the understanding that they should share equally the profits or losses which might result from the sale thereof. The bagging was paid for by *E. Blessy* advancing in cash the sum of $875, and for the balance of the price the joint draft of said *Blessy* and *Boyle*, drawn on and accepted by the defendants, R. L. *Adams & Co.*, was given. The India bagging was then placed in the hands of R. L. *Adams & Co.*, to be sold for the joint account of the said *Blessy* and *Boyle*.

On the 19th of July, 1859, before the bagging had been sold, *J. W. Boyle* drew a draft in favor of *Harmon Doane*, the plaintiff, on R. L. *Adams & Co.* for what-

ever amount might be due him (*Boyle*), after the sale of the India bagging. In the month of August thereafter, the 175 bales of Idia bagging were sold by *R. L. Adams & Co.*, from which sale resulted a profit to *Blessy* and *Boyle* of $436 20 ; one half of said amount was paid by *R. L. Adams & Co.* to the plaintiff, *Doane*, on the draft of *J. W. Boyle* in his favor."

The following is the draft drawn by *Boyle :*

"New Orleans, July 19th, 1859.

"Please pay to *Harmon Doane*, or order, whatever amount may be due me after the sale of 175 bales of India bagging now in your hands on joint account with *E. Blessy*, and oblige        Your Obdt. Servt..

(Signed)                J. W. BOYLE."

*To Messrs. R. L. Adams & Co.*"

(On the reverse of said draft) :

"Received, New Orleans, September 8th, 1859, from *Messrs. R. L. Adams & Co.*, the sum of two hundred and nineteen dollars and eighteen cents on account of the within draft.

$219 18.          (Signed)          HARMON DOANE."

Under this order, the plaintiff claims in the hands of *Messrs. R. L. Adams & Co.*, in addition to the one-half of the net profits which have been paid him, also the one-half of the $875 advanced by *Blessy*. The latter claims to be reimbursed the amount of said advancement.

Judgment having been rendered against the plaintiff's pretensions, he appeals.

The case turns principally upon the testimony of *J. W. Boyle.* He says : "I am the party from whom *Mr. Blessy* bought the India bagging on or about the 18th of May, 1859, and the margin paid on the bagging was $875. It was paid by check of *Mr. Blessy*—his money. It was paid as a margin on the same bagging in question here, and which was placed in the hands of *R. L. Adams & Co.*, to be sold on joint account."

Cross-examined :

"The money was placed for joint account. *Mr. Blessy* has asked me for the payment some short time after the sale of the bagging. He called upon me for payment of the half of this $875. I have not paid the entire amount. I paid $200 on account of what I was indebted to *Mr. Blessy.* This half of $875 formed a portion of the indebtedness to *Mr. Blessy.*"

"*Mr. Blessy* knew a very short time after the draft sued on was given, that it was so given. He objected to my having given the draft a short time after. We had several conversations about it. Cannot recollect whether it was before or after the payment on this $475 that he objected to the draft."

Re-examined :

"At the time I made this payment of $200 on account of the indebtedness to *Blessy*, I owed him something in the neighborhood of $1000. I paid the $200 on account of my entire indebtedness to him."

It appears to us, that in an adventure of this kind, the understanding of the parties is, that the advances and expenses are to be first paid before there can be any division of the profits. It partakes of the nature of a partnership. Dig., lib. 17, tit. 2, lex 5. Thus, *Boyle* was to be paid the price of the India bagging, *R. L. Adams & Co.* their expenses for insurance, storage, interest, commission, &c., and *Blessy* his advances. When all this had been deducted from the gross amount of sales, the amount due *Boyle* was ascertained by dividing the remainder into

<div style="margin-left:2em"></div>

DOANE
v.
ADAMS.

two equal parts. This amount has already been paid to his assignee, and more than this *Boyle* would not be heard to demand; neither can his assignee claim it *ex bono et æquo.*

There is nothing in the testimony which leads us to suppose that *Blessy* had waived his rights, as a joint owner of the bagging, to be paid his advances before there could be any division of the profits.   C. C. 2861, 1271, 1272.

Judgment affirmed.

LAND, J., absent.